

APR 1 0 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

Civil Action No.: 3:13cv219

| | |
|---|---|
| **CAREY CLAYTON,** | |
| Plaintiff, | **COMPLAINT AND DEMAND FOR** |
| | **JURY TRIAL** |
| vs. | |
| **AARON'S, INC.; JOHN DOES 1-10;** | |
| **JANE DOES 1-10; and X, Y, Z** | |
| **CORPORATIONS,** | |
| Defendants. | |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Carey Clayton

(hereinafter "Plaintiff"), an individual consumer, against Defendant, Aaron's, Inc. (hereinafter

"Defendant") for violations of the law, including but not limited to, violations of Telephone

Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), and also out of the

invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal

efforts in engaging in harassing and unconsented text messages to Plaintiff's cell phone.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq., and 28 U.S.C. §§ 1331 and

1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this

District is proper in that the Defendant transacts business and resides here.

### III.   PARTIES

3.  Plaintiff, Carey Clayton (hereinafter "Plaintiff") is a consumer, a natural person, residing in Westmoreland County, in the state of Virginia.

4.  Defendant Aaron's, Inc., is a foreign corporation with a principal place of business located at 309 E. Paces Ferry Rd. NE, Atlanta, Georgia 30305, and is identified as the creditor for Plaintiff.

5.  John Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery.  Such Does may include persons or business entities.  It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role in causing the acts complained of.

6.  Jane Does 1-10 whose identities are not known at this time, but whose identities will be obtained in discovery.  Such Does may include persons or business entities.  It is believed that said Does had a substantial involvement in the occurrences that are the subject of this complaint. Such Does benefited from the acts complained of and had a substantial role is causing the acts complained of.

7.  X,Y, Z Corporations whose identities are not known at this time, but whose identities will be obtained in discovery.  Such entities may include corporations or other business entities.  It is believed that said entities had a substantial involvement in the occurrences that are the subject of this complaint.  Such entities benefited from the acts complained of and had a substantial role is causing the acts complained of.

8.  At all times relevant hereto, while conducting business in Virginia, Defendants have been subject to, and required to abide by, the laws of the United States and the State of Virginia, which include the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.  § 227, *et seq.*, and

2

its related regulations that are set forth at 47 C.F.R. § 64.1200 (the "TCPA Regulations"), as well

as the opinions, regulations and order issued by courts and the Federal Communication

Commission ("FCC") implementing, interpreting and enforcing the TCPA and the TCPA

Regulations.

9.  At all times described herein, Defendants, and each of them, were acting on their own behalf

and as the agents, servants, partners, joint venturers, and employees of each other, and within the

scope of their agency, authority and employment.

### IV.    FACTUAL ALLEGATIONS

10.  Herein, whenever Plaintiff alleged that Defendants either acted or failed to act in some

manner, it means that Plaintiff alleges that Defendants acted through one or more of their

authorized employees, representatives and/or agents.

11.  Upon information and belief, within one year prior to the filing of this complaint,

Defendants placed harassing text messages to Plaintiff, through the usage of an auto-dialer, for

the purpose of collecting a consumer debt from him.  Plaintiff is a 'person' as defined by 47

U.S.C. § 153(10).

12.  Upon information and belief, Defendants began contacting Plaintiff and placing numerous

automated text messages to Plaintiff prior to July 6, 2012 and prior to that month, Plaintiff

allegedly fell behind in the payment allegedly owed on the alleged debt.

13.  Upon information and belief, within one year prior to the filing of this complaint,

Defendants texted Plaintiff using an automatic telephone dialing system (hereinafter "auto-

dialer") as defined under 47 U.S.C. § 227 (a)(1)(A)and(B) on numerous occasions, without his

consent.

3

14. Upon information and belief, Defendants knowingly and/or willfully acted in the manner described above without Plaintiff's invitation or permission, and Plaintiff did not provide Defendants with written authorization within a year prior to the filing of this complaint to text him.

15. Defendants communicated by text message with Plaintiff and unreasonable and harassing manner, continuing to text him using an auto-dialer though he had never given them express written consent to do so.

16. These text messages constituted text messages that were not for emergency purposes, yet Defendants did not cease using an auto-dialer to text message Plaintiff despite his never having provided them with express written consent to text him.

17. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in his feeling stressed, frustrated, and angered, amongst other negative emotions.

## V.   FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE TCPA

18. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of each individual Defendant and their agents constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq., cited above, and below, with respect to Plaintiff:

      (a) Defendant violated TCPA § 227b(1)(A)(iii) by texting Plaintiff using an automatic telephone dialing system to send text messages to Plaintiff's cellular telephone service without his express written consent.

4

20. As a result of the foregoing violations of the TCPA, Defendants are liable to the Plaintiff,

Carey Clayton, for declaratory judgment that Defendants violated the TCPA; actual damages

pursuant to 47 U.S.C. § 227; statutory damages in an amount up to $500.00 for each violation of

the TCPA pursuant to 47 U.S.C. § 227; and treble damages pursuant to 47 U.S.C. § 227 from

each Defendant herein.

## VI.   SECOND CLAIM FOR RELIEF –

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

22. Congress explicitly recognized a consumer's inherent right to privacy in collection matters

in passing the Telephone Consumer Protection Act, when it stated as part of its findings:

> In implementing the requirements of this subsection, the Commission may, by rule or
> order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to
> such conditions as the Commission may prescribe such classes or categories of calls
> made for commercial purposes as the Commission determines **will not adversely affect
> the privacy rights that this section is intended to protect**[.]

47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

23. In enacting the TCPA, Congress sought to protect the privacy interests of telephone

subscribers, such as Plaintiff, and place restrictions on unsolicited text messages placed to

individuals' cell phones for commercial purposes, and by imposing obligations upon creditors

engaging in debt collection, such as Defendants, to not place any text messages to the cell phone

of a consumer in violation of FCC regulations.

24. Congress further recognized a consumer's right to privacy in financial data in passing the

Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad

range of "financial institutions" including creditors engaging in debt collection, albeit without a

private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and
>
> continuing obligation to respect the privacy of its customers and to protect the security
>
> and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

25. Defendants and/or their agents intentionally and/or negligently interfered, physically or

otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by

repeatedly and unlawfully attempting to collect an alleged consumer debt from Plaintiff in a

harassing manner, and thereby invaded Plaintiff's privacy.

26. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the

solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and

unlawfully contacting his cell phone using an automatic telephone dialing system, without

express written authorization from Plaintiff, and thereby invaded Plaintiff's right to privacy.

27. Defendants and their agents intentionally and/or negligently caused emotional harm to

Plaintiff by engaging in highly offensive conduct in the course of trying to collect on the alleged

debt, which amounted to a campaign to intentionally and maliciously harass, bother, frustrate,

agitate, aggravate, and annoy Plaintiff, thereby invading and intruding upon Plaintiff's right to

privacy.

28. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private

concerns and affairs.

29. The conduct of these Defendants and their agents, in engaging in the above-described illegal and harassing debt collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

30. As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

## VII.   THIRD CLAIM FOR RELIEF - INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32. The acts, practices and conduct engaged in by the Defendants vis-a-via Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

33. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Virginia.  At the very least, it constitutes the negligent infliction of emotional distress under the laws of Virginia, with the harm caused being the severe emotional distress suffered by Plaintiff.

34. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay on the alleged consumer debt.

35. All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

WHEREFORE, Plaintiff, Carey Clayton, respectfully requests that judgment be entered against Defendants, for the following:

A. Actual damages from each Defendant pursuant to 47 U.S.C. 227 for the emotional distress suffered as a result of the intentional and/or negligent TCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff, and from each Defendant for intentional and/or negligent infliction of emotional distress in an amount to be determined at trial for Plaintiff; and

B. Trebled Statutory damages pursuant to 47 U.S.C. § 227(c)(5); and

C. As to Plaintiff's invasion of privacy claim, an award of compensatory damages in Plaintiff's favor and against Defendants; and

D. As to Plaintiff's invasion of privacy claim, an award of punitive damages in Plaintiff's favor and against Defendants; and

E. As to Plaintiff's invasion of privacy claim, an award of Plaintiff's reasonable attorney's fees and costs; and

F. As to Plaintiff's intentional and/or negligent infliction of emotional distress claim, an award of compensatory damages in Plaintiff's favor and against Defendants; and

G. As to Plaintiff's intentional and/or infliction of emotional distress claim, an award of punitive damages in Plaintiff's favor and against Defendants; and

H. A permanent injunction, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting Defendants from initiating any telephone calls or text messages to Plaintiff in violation of the regulations prescribed under the TCPA; and

I. For such other and further relief as the Court may deem just and proper.

8

DATED: March 28, 2013

RESPECTFULLY SUBMITTED,

By: _____

Richard W. Ferris
VSB# 31812
FERRISWINDER, PLLC
530 East Main Street, Suite 710
Richmond, VA 23219
Tel: 804-767-1800
Fax: 888-251-6228
E-mail: rwferris@ferriswinder.com
*Attorney for Plaintiff,*
*Carey Clayton*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that plaintiff Carey Clayton demands trial by jury in this action.