UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| CAREY CLAYTON,<br><br>                              Plaintiff,<br><br>v.<br><br>AARON'S INC., *et al*,<br><br>                             Defendants. | Civil Action No. 3:13–CV–219 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Dismiss (ECF No. 3) filed by Defendant Aaron's Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff Carey Clayton ("Plaintiff") alleges violations of the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S. C. § 227 *et seq*, regarding text messages allegedly sent by Defendant to Plaintiff. On June 17, 2013, the Court heard oral argument on Defendant's Motion. For the reasons stated below, the Court GRANTS the Motion to Dismiss.

**I.    BACKGROUND**[1]

At some point prior to July 6, 2012, Defendant or its agents sent Plaintiff numerous text messages for the purpose of collecting a consumer debt after Plaintiff purportedly fell behind on the payments he owed to Defendant. (Compl. ¶¶ 11-13.) These messages were sent on numerous occasions, not for emergency purposes, and without Plaintiff's written

---

[1] For the purposes of this Motion, the Court assumes all of Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004)(citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). *See* Fed. R. Civ. P. 12(b)(6).

1

consent. As a result of these messages, "Plaintiff suffered emotional distress resulting in his feeling stressed, frustrated, and angered, amongst other negative emotions." (Compl. ¶ 17.)

In Count One, Plaintiff alleges that Defendant and its agents have violated the TCPA by sending the aforementioned text messages, specifically 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits any person within the United States from making any call,[2] other than for emergency purposes or with the prior express consent of the recipient, through any automatic telephone dialing system (hereinafter "auto-dialer" or "autodialing") to a telephone number assigned to a cellular telephone service. *See* § 227(b)(1)(A)(iii). Plaintiff asks for relief in the form of actual and trebled statutory damages, in addition to a permanent injunction prohibiting Defendant from initiating telephone calls or text messages to Plaintiff in violation of the TCPA and its regulations. Plaintiff has voluntarily dismissed Count Two, which alleges invasion of privacy by intrusion upon seclusion, and Count Three, which alleges intentional infliction of emotional distress.

On May 9, 2013, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the TCPA claim fails because Plaintiff has not adequately alleged the use of an automatic dialing system, and further, because Plaintiff expressly consented to receiving automatic phone calls from Defendant about the collection of his debt. The Motion has been fully briefed and is ripe for review.

## II.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P.

---

[2] Text messages are included in the definition of "calls" under the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009); *see also In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003).

12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).[3]

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545; *see id*. at 555 n.3. The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, the court may not construct legal

---

[3] Defendant has attached to its Motion to Dismiss a copy of a signed agreement purportedly between Plaintiff and Defendant in which Plaintiff consents to receiving both live and automated calls from Defendant regarding their agreement. (Mot. Dismiss Ex. A.) Although this agreement is integral to the Complaint, Plaintiff has not accepted the authenticity of this document. The Court will not consider this document, since even without considering the agreement, Plaintiff's claims fail for the reasons outlined below.

arguments that the plaintiff has not presented. *Farabee v. Feix,* 119 Fed. App'x 455, 458 n.2 (4th Cir. 2005); *see also Adam v. Wells Fargo Bank, N.A.*, No. 1:09–CV–2387, 2010 WL 3001160, at *2 (D. Md. July 28, 2010).

### III.    DISCUSSION

§ 227(b)(1)(A)(iii) prohibits any person within the United States from making any call (or text message) to a cell phone number, other than for emergency purposes or with the prior express consent of the recipient, through the use of automatic dialing. As an initial matter, Plaintiff fails to state a claim upon which relief can be granted because "calls made by a party attempting to collect a debt owed to it are exempt from the TCPA." *Gray v. Wittstadt Title & Escrow Co., LLC*, No. 4:11cv111, 2011 U.S. Dist. LEXIS 141830, at *12 (E.D. Va. Nov. 28, 2011)(dismissing a TCPA claim where the defendant allegedly called plaintiff 209 times in roughly one year in order to collect a debt)(internal citations omitted), *aff'd per curiam*, 475 Fed. Appx. 461 (4th Cir. Aug. 20, 2012). *See also* 47 C.F.R. 64.1200(a)(2)(iii), (iv)(exempting from the coverage of the TCPA calls made to a person with whom the caller has a preexisting established business relationship or calls made for a commercial purpose not including unsolicited advertisements or phone solicitation). Since Plaintiff alleges that Defendant sent the text messages at issue "for the purpose of collecting a consumer debt from [Plaintiff]," (Compl. ¶ 11), these communications are exempt from the TCPA and Plaintiff has failed to state a plausible claim under TCPA.

However, even if the conduct that Plaintiff complains of was not exempt from the TCPA, this claim would still fail because Plaintiff has not sufficiently alleged the use of automatic dialing. In order to state a plausible claim for relief under § 227(b)(1)(A)(iii), Plaintiff must allege that Defendant used automatic dialing to send a text message to

4

Plaintiff's cell phone that was not for emergency purposes or with Plaintiff's prior express consent. Under § 227, automatic dialing refers to equipment that has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." § 227(a)(1).

In this case, Plaintiff fails to make a single factual allegation to support his claim that Defendant used automatic dialing rather than manually sending individualized messages about Plaintiff's outstanding debt or using some other system. For instance, Plaintiff fails to allege any facts regarding the general content, number, timing, or phone number from which any of the alleged messages were sent that show that it is plausible that Defendant used autodialing. *See, e.g., Kramer v. Autobytel, Inc.*, 759 F.Supp.2d 1165, 1171 (N.D. Cal. 2010)(complaint was sufficient where plaintiffs described receiving advertisements written in an impersonal manner from a short code that was registered to the defendants and the defendants had no other reason to contact the plaintiffs); *Abbas v. Selling Source, LLC*, No. 09CV3413, 2009 U.S. Dist. LEXIS 116697, at *12-13 (N.D. Ill. Dec. 14, 2009)(complaint was sufficient where plaintiff alleged that defendants sent "mass transmissions of wireless spam" to potential customers, defendants used a short code to send him a text which read as a message "from an institutional sender without any personalization," and defendants had no reason other than telemarketing to call him); *see also Hickey v. Voxernet LLC*, 887 F.Supp.2d 1125, 1130 (W.D. Wa. 2012)(plaintiff's allegation of the generic content and automatic generation of the text messages sufficed to infer the use of automatic dialing). The Court need not take Plaintiff's conclusory assertion that Defendant used autodialing as true, *Twombly*, 550 U.S. at 555, and further, Plaintiff alleges that Defendant sent the messages to him specifically "for the purpose of collecting a

5

consumer debt from him," (Compl. ¶ 11.) Without even a basic attempt to plead factual allegations showing that it is plausible that Defendant used an autodialer, this claim fails. Accordingly, the Court GRANTS Defendant's Motion to Dismiss.

### IV.   CONCLUSION

For the above reasons, the Court GRANTS the Motion to Dismiss and DISMISSES each of Plaintiff's claims against Defendant.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

>  _____/s/_____
>  James R. Spencer
>  United States District Judge

ENTERED this __19th____ day of June 2013.